IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ALBERT LEE McCADNEY, JR.                                PLAINTIFF

v.                       No. 3:19-cv-313-DPM

OLLIE COLLANS, Chief, Osceola
Police Department, and RONNIE
WILLIAMS, Detective, Osceola
Police Department                                      DEFENDANTS

ORDER

1. Motion to proceed *in forma pauperis*, № 1, granted. McCadney must pay the filing fee, but over time. 28 U.S.C. § 1915(b)(1). The Court won't assess an initial partial filing fee because McCadney can't afford to pay one. But his custodian must collect monthly payments from McCadney's prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on McCadney's behalf must be clearly identified by case name and case number.

**2.** The Court directs the Clerk to send a copy of this Order to the Administrator of the Mississippi County Detention Center, 685 North County Road 599, Luxora, Arkansas 72358.

**3.** The Court must screen McCadney's complaint. № 2 & № 3; 28 U.S.C. § 1915A. McCadney says he was unlawfully arrested and charged with burglary, theft of property, and criminal mischief. He's currently awaiting trial in Mississippi County, Arkansas, on those charges. *State v. McCadney*, 47OCR-19-111.

The Court must abstain from proceeding with McCadney's federal case because the criminal case is ongoing, Arkansas has an important interest in enforcing its criminal laws, and McCadney may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1510–13 (D. Kansas 1996). Further, McCadney hasn't alleged bad faith or extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). McCadney's claims must therefore be put on hold until there's a final disposition of his pending state charges. *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603–04 (8th Cir. 1999).

\* \* \*

This case is stayed; and the Court directs the Clerk to administratively terminate it. McCadney can move to reopen this case

after final disposition of his state case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If McCadney doesn't file a timely motion to reopen or a status report by 13 November 2020, then the Court will reopen the case and dismiss it without prejudice.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

14 November 2019